RECEIVED

MAY 10 2023


TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VERSUS | * | 5:23-cr-00108 |
| | * | Judge Foote |
| SIRDELL MCCULLOUGH (01) | * | Magistrate Judge Hornsby |
| RODERGUIZ HENRY (02) | * | |
| JOHNTRELL CRUTCHFIELD (03) | * | |
| DEANTHONY JOHNSON (04) | * | |
| DEAAUNDRAKOUS HAGGER (05) | * | |
| NICO STEWART (06) | * | |
| TIMOTHY VASHER (07) | * | |
| DESTANE GLASS (08) | * | |
| XAVIEN BEASLEY (09) | * | |
| QUINTERRIUS BROWN (10) | * | |
| TORONCO LOSTON (11) | * | |
| DEWONNIE BROWN (12) | * | |
| JOSHUA DOMINIQUE (13) | * | |
| KADARIUS JENKINS (14) | * | |
| JASMINE GLASS (15) | * | |
| TRAMAINE TAYLOR (16) | * | |
| ANTORIA JOHNSON (17) | * | |
| JOKETA BAULKMAN (18) | * | |
| TYNEAL JOHNSON (19) | * | |
| CIERRA FLEMING (20) | * | |
| TRAMARCIEA RUFFINS (21) | * | |
| OLIVIA THOMAS (22) | * | |
| SAMARRIAN KINGSTON (23) | * | |
| LAKEAH GIPSON (24) | * | |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT ONE
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

**AT ALL TIMES HEREIN RELEVANT:**

I.     BACKGROUND

1.     The defendants in this indictment are members or associates of a Shreveport street gang that refer to themselves as Step or Die or SOD.

2.      The banking institutions referred herein are all federally insured and headquartered at various locations throughout the United States.

### A.  Small Business Administration

1.      The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.      As part of this effort, the SBA facilitated government-backed loans through banks, credit unions, and other lenders.

### B.  The Paycheck Protection Program

1.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").  In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

2.      In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the small business (through its authorized representative) was required to state its average monthly payroll expenses and its number

of employees, among other things. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

3. A PPP loan application was processed by a participating financial institution ("lender"). If a PPP loan application was approved, the participating lender would fund the loan using its own monies, which were guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business was eligible for the PPP loan it received, spent the loan proceeds on these permissible expense items within a designated period of time, and used a certain portion of the loan proceeds for payroll expenses.

C. **The Economic Injury Disaster Loan Program**

1. The Economic Injury Disaster Loan ("EIDL") Program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

2. The CARES Act authorized the SBA to provide EIDLs up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

3.    In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as: (1) the number of employees, (2) gross revenues for the 12-month period preceding the disaster, and (3) cost of goods sold in the 12-month period preceding the disaster. The 12-month period for EIDLs for COVID-19 relief was from January 31, 2019 to January 31, 2020. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

4.    EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application was approved, was determined based on the information provided by the applicant about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. If the applicant also obtained a loan under the PPP, the EIDL funds could not be used for the same purpose as the PPP funds.

II.    THE CONSPIRACY

Beginning on or about April 2020, and continuing until November 6, 2021, in the Western District of Louisiana and elsewhere, the Defendants, **Sirdell McCullough, Roderguiz Henry, Johntrell Crutchfield, Deanthony Johnson, Deaaundrakous Hagger, Nico Stewart, Timothy Vasher, Destane Glass, Xavien Beasley, Quinterrius Brown, Toronco Loston, Dewonnie Brown, Joshua Dominique, Kadarious Jenkins, Jasmine Glass, Tramaine Taylor, Antoria Johnson, Joketa Baulkman, Tyneal Johnson, Cierra Fleming, Tramarcia Ruffins, Olivia Thomas, Samarrian Kingston,** and **Lakeah Gipson**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to commit and attempt to commit violations of Title 18, United States

Code, Section 1343, namely, to knowingly devise a scheme and artifice to defraud the SBA and various financial institutions, by:

(1) falsifying PPP and EIDL Program loan applications, forms, and other documents ("fraudulent loan applications");

(2) submitting and causing to be submitted fraudulent loan applications to lending institutions and the SBA in order to obtain funds through the PPP and EIDL Program; and

(3) receiving and obtaining payments and benefits from lending institutions and the SBA based on the fraudulent loan applications submitted.

III.    THE OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the Defendants, and others known and unknown to the Grand Jury, to unlawfully and unjustly enrich themselves by obtaining PPP and EIDL loan proceeds through materially false and fraudulent pretenses, representations, and promises.

IV.    MANNER AND MEANS OF THE CONSPIRACY AND THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means used by the defendants to accomplish the objectives of the conspiracy included but were not limited to the following:

A.    It was part of the conspiracy and the scheme and artifice to defraud that members of the conspiracy registered, reported and caused to be registered and reported, non-operational businesses.

B.    The defendants opened and caused to be opened bank accounts to receive, deposit, and transfer PPP and EIDL funds.

C.    The defendants prepared and caused to be prepared the PPP and EIDL applications and submitted and caused to be submitted the application through the online portals.

D.     The defendants submitted and caused to be submitted PPP and EIDL applications that contained false and fabricated information, including but not limited to:

  1.     the number of employees;

  2.     monthly payroll expenses;

  3.     gross revenue; and

  4.     cost of goods sold.

E.     The defendants submitted and caused to be submitted false and fabricated supporting documentation with their loan applications, including but not limited to:

  1.     false and fabricated federal tax forms; and

  2.     false and fabricated bank statements.

F.     The defendants used or caused to be used the PPP and EIDL funds for unauthorized purposes, including but not limited to cash withdrawals and other personal expenses.

G.     The defendants paid or caused to be paid a portion of the PPP and EIDL funds to co-conspirators as kickbacks for their assistance in obtaining the loans.

H.     The defendants submitted and caused to submitted PPP and EIDL applications, to further the scheme and artifice to defraud, including but not limited to the following:

| Date | Defendant | Loan Amount | Loan Type | Funded |
|---|---|---|---|---|
| 7/12/2020 | Quinterrius Brown | $30,800.00 | EIDL | NO |
| 4/5/2021 | Toronco Loston | $20,832.00 | PPP | NO |
| 10/30/2020 | Toronco Loston | $201,100.00 | EIDL | NO |
| 8/16/2021 | Kadarius Jenkins | $20,832.00 | PPP | YES |

| Date | Defendant | Loan Amount | Loan Type | Funded |
|---|---|---|---|---|
| 7/16/2021 | Cierra Fleming | $20,207.00 | PPP | YES |

I.  The defendants collectively obtained approximately twenty-nine (29) fraudulent loans with an approximate value of $600,000 and attempted to obtain approximately forty-two (42) related loans with an approximate value of $2,200,000.

J.  The allegations in Counts 2 - 30 are incorporated by reference as though fully set forth herein as part of the conspiracy to defraud.

All in violation of Title 18, United States Code, Section 1349 [18 U.S.C. § 1349].

COUNTS 2 - 30
18 U.S.C. § 1343
(Wire Fraud)

A.  The allegations in Count 1 are incorporated by reference as though fully set forth herein as the scheme and artifice to defraud.

B.  On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendants listed below, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds more specifically described below for each count, to wit: an electronic transfer of funds from financial institutions outside of the state of Louisiana to the below listed financial institutions located in the Western District of Louisiana:

| Count | Date of Transfer | Defendant | Amount Electronically Transferred | Receiving Bank Account | Loan Type |
|---|---|---|---|---|---|
| 2 | 3/31/2021 | Sirdell McCullough | $20,832.00 | Navy F.C.U #0507 | PPP |

| Count | Date of Transfer | Defendant | Amount Electronically Transferred | Receiving Bank Account | Loan Type |
|---|---|---|---|---|---|
| 3 | 6/22/2021 | Roderguiz Henry | $20,260.00 | Bank of America #4727 | PPP |
| 4 | 3/22/2021 | Johntrell Crutchfield | $20,832.00 | Regions #3124 | PPP |
| 5 | 7/6/2020 | Deanthony Johnson | $8,000.00 | Bank Mobile #6865 | EIDL |
| 6 | 5/10/2021 | Deanthony Johnson | $20,575.00 | Carter F.C.U. #4062 | PPP |
| 7 | 4/26/2021 | Deaaundrakous Hagger | $20,833.00 | Capital One #1987 | PPP |
| 8 | 6/11/2021 | Deaaundrakous Hagger | $20,833.00 | Capital One #1987 | PPP |
| 9 | 5/18/2020 | Nico Stewart | $4,000.00 | WESLA F.C.U. #358 | EIDL |
| 10 | 4/17/2020 | Nico Stewart | $1,000.00 | WESLA F.C.U. #2001 | EIDL |
| 11 | 3/25/2021 | Timothy Vasher | $20,832.00 | Regions #5535 | PPP |
| 12 | 3/25/2021 | Destane Glass | $20,832.00 | Regions #2765 | PPP |
| 13 | 7/9/2020 | Xavien Beasley | $10,000.00 | Capital One #5537 | EIDL |
| 14 | 2/26/2021 | Dewonnie Brown | $20,832.00 | Progressive Bank #576 | PPP |
| 15 | 5/20/2021 | Dewonnie Brown | $20,800.00 | TES Regional #9163 | PPP |
| 16 | 4/20/2021 | Dewonnie Brown | $20,833.00 | Progressive Bank #577 | PPP |
| 17 | 5/4/2021 | Dewonnie Brown | $20,833.00 | Progressive Bank #577 | PPP |
| 18 | 4/2/2021 | Joshua Dominique | $20,832.00 | Wells Fargo #1630 | PPP |
| 19 | 3/18/2021 | Jasmine Glass | $8,332.00 | Barksdale F.C.U. #0802 | PPP |

| Count | Date of Transfer | Defendant | Amount Electronically Transferred | Receiving Bank Account | Loan Type |
|---|---|---|---|---|---|
| 20 | 5/25/2021 | Tramaine Taylor | $20,832.00 | Chase #1277 | PPP |
| 21 | 4/9/2021 | Antoria Johnson | $20,458.00 | Bancorp #4022 | PPP |
| 22 | 5/5/2021 | Antoria Johnson | $20,458.00 | Regions #2983 | PPP |
| 23 | 4/16/2021 | Joketa Baulkman | $19,005.00 | Bank of America #0595 | PPP |
| 24 | 5/4/2021 | Joketa Baulkman | $19,005.00 | Bank of America #0595 | PPP |
| 25 | 4/13/2021 | Tyneal Johnson | $20,833.00 | Chase #5676 | PPP |
| 26 | 6/1/2021 | Tyneal Johnson | $20,800.00 | Chase #5676 | PPP |
| 27 | 4/9/2021 | Tramarciea Ruffins | $20,415.00 | Red River F.C.U. #235 | PPP |
| 28 | 3/25/2021 | Olivia Thomas | $20,832.00 | Chase #5670 | PPP |
| 29 | 3/25/2021 | Samarrian Kingston | $20,272.00 | Barksdale F.C.U. #5602 | PPP |
| 30 | 4/6/2021 | Lakeah Gipson | $20,058.00 | Capital One #7107 | PPP |

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

**NOTICE OF FORFEITURE**

1.      Counts 1-30 of the Indictment are re-alleged and incorporated by reference as through fully set forth herein for the purposes of alleging forfeiture to the United States.

2.      Upon conviction of one or more of the offenses set forth in Counts 1-30 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and/or Title 18, United States Code, Section 981(a)(1)(C), the latter made applicable by Title 28, United States Code, Section 2461(c), any property,

real or personal, which constitutes or is derived from proceeds traceable to any of the said offenses.

      3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      1.    cannot be located upon the exercise of due diligence;

      2.    has been transferred or sold to, or deposited with, a third party;

      3.    has been placed beyond the jurisdiction of the Court;

      4.    has been substantially diminished in value; or

      5.    has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

*REDACTED*
_____
GRAND JURY FOREPERSON

BRANDON B. BROWN
United States Attorney

By: _____
J. Aaron Crawford, LA Bar No. 31682
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA  71101
(318) 676-3600 – office